IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AURORA HURLOCKER                                                                                       PLAINTIFF

v.                                           Civil No. 12-2144

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Aurora Hurlocker, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed applications for DIB and SSI on June 14, 2007, alleging an onset date of November 1, 2006. Tr. 114-125. Her applications were denied initially and upon reconsideration. Tr. 76-81, 84-87. Plaintiff subsequently requested a hearing, and a hearing was held on November 20, 2008, before an Administrative Law Judge. Plaintiff testified at the hearing as did Floyd Massey, a vocational expert. The ALJ issued a decision denying all benefits to Plaintiff on April 3, 2009. Tr. 114, 141-142. On February 22, 2011, the matter was remanded by this Court. Tr. 254-268. A supplemental hearing was held on November 9, 2011. Tr. 441-465

At the time of the supplemental hearing, Plaintiff was 43 years old and possessed a limited education. Tr. 243, 281. Plaintiff had past relevant work ("PRW") experience as a fast food cashier, upholsterer/furniture manufacturer, stocker, and material handler. Tr. 243.

On May 3, 2012, the ALJ found Plaintiff's disorder of the lumbar spine, lumbar of the cervical spine, major depression, panic disorder, and borderline personality traits were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 235. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work involving simple routine and repetitive tasks; requiring only simple, work-related decisions with few, if any, work place changes; and, no more than incidental contact with co-workers, supervisors, and the general public.   Tr. 236. The ALJ then found Plaintiff could perform work as motel/hotel maid, mail sorter/routing clerk/conveyor, and assembly production worker.  Tr. 244.

Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 16, 19.

The court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' appeal briefs and the ALJ's decision and are repeated here only to the extent necessary.

## II.   Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v.*

*Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  The United States Court of Appeals for the Eighth  Circuit has held that a "claimant's residual functional capacity is a

3

medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

This matter was previously remanded by this Court to allow the ALJ to obtain an RFC assessment from Dr. Kralik. On remand, however, the ALJ sent Plaintiff to Dr. Patricial Walz for a mental evaluation and RFC assessment, rather than recontacting Dr. Kralik. On June 15, 2011, Dr. Walz conducted a consultative psychological evaluation. Plaintiff reported pain, was irritable, and her mood and affect ranged from sad to irritable to very dramatic. Tr. 35 I. She reported impairment of sleep, energy, and concentration as well as intermittent suicidal ideation. Dr. Walz diagnosed Plaintiff with major depression, recurrent, moderate to severe, without psychosis; panic disorder wi th agoraphobia; and borderline personality traits. She gave Plaintiff a GAF score of 55-60. Dr. Walz noted that Plaintiff's social skills were impaired by her irritability and mood lability. Tr. 352. And, she completed a medical source statement, opining that Plaintiff had a moderate impairment in her ability to interact with the public and to respond appropriately to usual work situations and changes in a routine work setting and a marked impairment in her ability to interact appropriately with coworkers and supervisors. Dr. Walz also indicated that Plaintiff's agoraphobia limited her ability to work in public. Tr. 357.

The ALJ concluded that Dr. Walz's assessment was entitled to significant weight "in so far as it supports a limitation to unskilled work." Tr. 242. However, he found her assessment of marked limitations to be inconsistent with the record because Plaintiff had worked for a period of nine months in 2010. While it is true that Plaintiff worked in 2010, a review of the evidence concerning that job also reveals that Plaintiff experienced difficulty getting along with her boss. Tr. 350, 450, 455-456. And, anger management issues appear to have been an ongoing problem. Tr. 350. Further, we also note that

4

Plaintiff had requested benefits for a closed period of disability, excluding the time involving this failed work attempt. Tr. 454. The ALJ, however, made no findings concerning Plaintiff's request for a closed period of disability.

Without Dr. Walz's assessment, we are left with only Dr. Kralik's 2008 evaluation. And, as previously noted, Dr. Kralik did not complete an RFC assessment. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (if treating physician has not issued an opinion which can be adequately related to disability standard, ALJ is obligated to address a precise inquiry to physician to clarify the record ). Dr. Kralik diagnosed Plaintiff with pain disorder associated with both psychological factors and a general medical condition; anxiety disorder, not otherwise specified (social anxiety, panic symptoms, agoraphobic issues, generalized anxiety, avoidance, and rule out trauma sequelae from past abusive relationships); chronic dysthymia; and, personality disorder, not otherwise specified, with dependent, codependent, and avoidant features - rule out histrionic and passive-aggressive features as well. She estimated Plaintiff's global assessment of functioning ("GAF") at 45-55.[1] Tr. 218-224. She found that Plaintiff's capacity to carry out activities of daily living and daily adaptive functioning was intermittently and at times significantly impaired for occupational purposes; her ability to communicate and interact in a socially acceptable manner was somewhat impaired (due to her irritability, impatience, and anger); her capacity to cope with the typical mental/cognitive demands of basic work -like tasks was moderately impaired; her ability to attend and sustain concentration intermittently impaired; and, her capacity to sustain persistence and complete work-like tasks within an acceptable time frame was impaired. Tr. 222-223.

Accordingly, after reviewing the record, we find that the case should be remanded to the ALJ for further consideration. Clearly, Dr. Walz's assessment suggests Plaintiff's mental impairments are

---

[1] A GAF of 45-55 is indicative of moderate (51-60) to severe (41-50) symptoms or impairment in social, occupational, or school functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

5

more limiting than determined by the ALJ. *See Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir.2000) (ALJ may not draw upon his own inferences from medical reports). As this is the only mental assessment contained in the record, the matter must be remanded for a proper RFC determination. *See Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (RFC finding must be supported by some medical evidence). On remand, the ALJ should recontact Dr. Kralik for completion of a mental RFC assessment. As directed in our previous remand order, the ALJ is directed to address interrogatories to Dr. Kralik asking her to review plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for her opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). He is also directed to consider Plaintiff's request for a closed period of benefits.

**V.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of July 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE